Thomas R. Hadawat, J.
The petitioner seeks judgment against •the respondent for $192.53, with interest, and Sheriff’s fees, pursuant to CPLR 5231 for an alleged failure to honor an income execution issued on a judgment, recovered by the petitioner against one Howard Bailey, who, it alleges, was an employee of the respondent.
A determination of the application depends on whether or not the income execution was properly served on the respondent and, in reply to the court’s request for further proof, in that respect, the only information it has received, in the form oj an affidavit by one of the attorneys for the respondent, is that the income execution was served on the judgment debtor on behalf of the respondent, and as superintendent of the respondent.
*804 The rule seems to be that in the case of a corporation, the execution should be served on an executive officer, or some agent of the corporation whose duties are of sufficient importance to make it reasonably probable that the process will be brought to the attention of the corporation. (9 Carmody-Wait 2d, New York Practice, § 64:253.)
The respondent denies receipt or knowledge of the income execution and, human nature being what it is, it is not unreasonable to assume that the judgment debtor never brought the same to the respondent’s attention.
An attempt to serve the respondent by delivering the income execution, a second time, to the judgment debtor was not prudent, to say the least.
Application for judgment denied.